### CINCINNATI AND SUBURBAN BELL TELEPHONE CO v CINCINNATI STREET RAILWAY CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4458: Decided Jan 22, 1934

Frost & Jacobs, Cincinnati, for plaintiff in error.

Taft, Stettinius & Hollister, Cincinnati, for defendant in error.

238

**OPINION**

By HAMILTON, PJ.

From this letter, it is noted that the Street Railway Company was in great haste to extend its tracks in order to transport children to and from the new Western Hills High School. The letter mentions the spirit of co-operation by the Telephone Company. It is suggested that the question of paying for the cost of making the change could be held in abeyance until "such time as ⁎ ⁎ ⁎ definite decision arrived at."

It is in the evidence that the question of paying was held up by reason of the suit filed in the Delta Avenue matter, as to whether or not the Telephone Company could be required to remove its conduits at its own cost; that the suit was in the minds of the parties at the time is confirmed in the testimony of Mr. Stewart. The Telephone Company thereupon, without further negotiations, proceeded to make a drawing of its plans to move its conduits and manholes entirely to the side of the road, which would straighten and in a way add to the use by the Telephone Company of its conduits. Whether or not this plan was submitted to the Superintendent of the Street Railway Company and approved by him is in dispute. The fact remains that the Telephone Company did, in accordance with its plans, remove its conduits and manholes to the side of the road, at a cost of $2933.71. Later, the Delta Avenue case was decided by this court, and this decision was affirmed by the Supreme Court. The Delta Avenue case is entitled, **City of Cincinnati et v Cincinnati & Suburban Bell Telephone Company**, and is reported in **123 Oh St, 174.** The last paragraph of the opinion is:

"The city is attempting, in effect, to authorize and command one public utility company, the street car company, now operating in the street to relocate and use its property in a position and manner which must inevitably completely destroy the property of another public utility company, the telephone company, whose rights in the street are at least equal to the rights of the street car company therein. The action of the city in this regard must, in law, be held to be arbitrary, unreasonable, and not in accord with good conscience."

The Telephone Company's rights therefore in the street under its prior grant are at east equal, if not superior, to the rights of the Street Railway Company.

It is admitted that the construction of the street car tracks would seriously damage the conduit system, by damaging part of the manholes and interfering with the use of the others.

There was no express contract under which the Railway Company was to pay the cost of making the change by the Telephone Company that it did. However, the Telephone Company was put in a position where it became necessary for it to protect its property and was led to make the change by the representation of the General Manager of the Street Railway Company, when he urged prompt action, and payment of the cost to be held for future consideration.

The third paragraph of the syllabus in the case of **The Columbus, Hocking Valley & Toledo Ry. Co. v Gaffney, 65 Oh St, 104,** is directly in point, where it is stated:

"Where it is averred in a petition that the plaintiff performed services for the defendant 'at his instance and request', the averment may be supported by evidence of the circumstances under which the services were performed tending to show a contract; evidence of an express request is not required."

In the instant case, as above stated, the changes were made at the instance of the Street Railway Company. There is no evidence that the Telephone Company had under consideration any change in the location of its conduits until requested to make the change by the Street Railway Company. It is clear from the evidence that the Telephone Company expected to be paid for the changes. It is also clear that the Street Railway Company intended to pay if legally liable; the liability to be determined by the decision in the Delta Avenue case.

Our conclusion is, that under the facts and the law, the Telephone Company is entitled to be compensated for the necessary and reasonable cost in changing the location of its conduits and manholes to preserve its property and its uses, and that there was an implied promise on the part of the Street Railway Company to compensate the reasonable cost thereof, if legally liable, that liability to be determined by the decision in the Delta Avenue case.

We are not holding that the Telephone Company may collect the whole cost of the changes that it made. It may be that the change was made in such a way as to materially benefit the Telephone Company, in addition to the protection of the property and the accommodation of the Street Railway Company. If more money was expended for the location and removal of the conduits than was necessary, the Street Railway Company could not be liable for that excess cost. We are holding the Street Railway Company liable for the necessary and reasonable cost, as above indicated. The petition sets up that the net cost of the work and the change and material supplied amounted to $2933.71, for which payment was demanded and payment refused, and asks judgment for that sum. The petition does not in the fourth cause of action declare upon an express contract, neither does it clearly set up a cause on quantum meruit, but under the liberal construction to be given to pleadings under the statute, we are of opinion that the petition does state facts which would authorize a judgment based upon quantum meruit.

We have not discussed in this opinion the separate findings of fact, made by the trial court, for the reason that the suit was an action at law, triable to a jury, and the case is here on error, with a bill of exceptions, containing all the evidence offered at the trial.

The trial court erred in refusing any recovery by The Telephone Company from the defendant the Street Railway Company. The judgment will be reversed and the cause remanded for further proceedings on the question of the amount of the recovery.

CUSHING and ROSS, JJ, concur.